UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x
                             :

HERRICK LIPTON,               :

                    Plaintiff,    :      11 Civ. 2535 (TPG)

                             :

         – against –       :      **OPINION**

                             :

NEW YORK UNIVERSITY COLLEGE OF  :
DENTISTRY and DR. ANDREW     :
SPIELMAN,                   :

                             :

                Defendants.  :

                             :
-------------------------------------------x

       Plaintiff Herrick Lipton brings this action against defendants New York University College of Dentistry ("NYUCD") and Dr. Andrew Spielman, its associate dean for academic affairs, for alleged violations of federal, state, and local laws banning discrimination against disabled individuals.

       On March 16, 2012, the court granted defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff now moves for reconsideration of that decision. In addition, plaintiff seeks leave to amend his complaint to cure the deficiencies identified by the court.

### Background

       The court assumes familiarity with the facts of the case, an account of which can be found in the court's prior opinion granting defendants' motion to dismiss. See Lipton v. N.Y. Univ. College of Dentistry, No 11 Civ. 2535, 2012

U.S. Dist. LEXIS 36151, at *1-8 (S.D.N.Y. Mar. 16, 2012).

### The Present Motion

Plaintiff moves for the court to reconsider that decision in light of plaintiff's proposed amended complaint.

Plaintiff proposes several amendments. Most significantly, he seeks to modify his prayer for injunctive relief. He now requests (Am. Compl. ¶ 101, changes bolded):

> Reinstatement to NYUCD and an accommodation permitting Plaintiff to retake NBDEP2, **within the guidelines** of **the American Dental Association applicable to persons taking the examination after January** 12, 2012 **without the threat** of **dismissal,** thereby providing him with a reduced-stress environment in which he can concentrate and focus effectively.

As mentioned by the court in its prior opinion, the new American Dental Association guidelines provide that an examinee must pass the NBDEP2 within five years or five attempts, whichever comes first. Thus plaintiff now requests an accommodation permitting him to rematriculate at NYUCD to retake the NBDEP2 up to five times within five years.

This form of relief differs from that sought by plaintiff in his initial complaint in two respects. Plaintiff had previously sought to take the NBDEP2 (Compl. ¶ 101) "an unlimited number of times over a reasonable period of time." Plaintiff had also sought to take the NBDEP2 "without rematriculation," i.e. without having the pay the fees—now around $3500 per academic year—associated with rematriculation.

Plaintiff also proposes to amend the following paragraph concerning his initial diagnosis:

27. Prior to the conclusion of his fourth year, on the advice of his academic advisor, Dr. Anthony Palatta ("Dr. Palatta"), Plaintiff underwent a Neuropsychiatric Evaluation on May 16th and 18th 2005. Plaintiff was diagnosed with a learning disability, specifically a reading disorder which hindered his ability to accurately read and comprehend information under time constraints. The evaluation noted that Plaintiff suffered from anxiety and apprehension such that he would be unable to pass the exam under normal time constraints. The disability (which was exacerbated by time constraints) placed Plaintiff at a disadvantage in successfully completing the test. The evaluation recommended for Plaintiff to receive additional time to alleviate the stress and anxiety of the exam, which would serve to equalize him with the other candidates sitting for the exam. **This recommendation also contemplated the stress and anxiety created by the time period limitations in which he had to prepare for, take and pass the examination; i.e., within the one year required by NYUCD to pass the NBDEP2.**

Plaintiff then seeks to amend paragraphs 38, 41, 44—which concern, respectively, the factors that led plaintiff to fail the NBDEP2 in September 2005, December 2006, and April 2007—to introduce an identical clause into each:

38. Mounting financial constraints associated with the rematriculation, forced Plaintiff to sit for NBDEP2 in September 2005, just one (1) month after he passed NBDEP1. Anxiety and stress due to the short preparation period, financial concerns, the constant threat of dismissal, **and the requirement that he pass the examination within the time constraints imposed by NYUCD (i.e., within his one year rematriculation period) exacerbated his disability,** and hindered his ability to concentrate during the examination.

41. Plaintiff sat for NBDEP2 again in December 2006. Anxiety about the financial constraints rematriculation was placing on his family, the constant threat of dismissal, concerns about how this financial burden could limit his continued eligibility to sit for the exam, **and the requirement that he pass the examination within the time constraints imposed by NYUCD (i.e., within his one year rematriculation period) exacerbated his disability**, and prevented him from successfully completing NBDEP2. Again, pursuant to The American Dental Association rules, Plaintiff was required to wait ninety (90) days before sitting for the exam again.

44. Again, concerns about the constant threat of dismissal, his financial situation, his inability to continue to afford the costs of rematriculation, **and the requirement that he pass the examination within the time constraints imposed by NYUCD (i.e., within his one year rematriculation period) exacerbated his disability**, and prevented Plaintiff from passing NBDEP2 in April 2007.

Lastly, plaintiff seeks to amend paragraph 56 of the complaint, which concerns plaintiff's formal request for a reasonable accommodation following his fourth unsuccessful attempt to pass the NBDEP2 in May 2008:

56. Plaintiff appealed NYUCD's decision on July 7, 2008 and requested an accommodation, in which he would be given additional opportunities to take the exam due to his learning disability, especially his troubles with critically reading and comprehending the exam within the time constraints. Plaintiff's disability and its effect on his ability to take the exam was exacerbated by NYUCD's repeated threats of dismissal, its varying position in terms of the number of attempts he would be provided to retake the exam, the significant costs of repeated rematriculation, NYUCD's wavering position with regard to the number of times he could take the exam, **the time constraints placed upon him within which he was able to take the examination**, and whether he would be dismissed, rendered the time-and-a-half accommodation meaningless. NYUCD was well aware that Plaintiff's disability was exacerbated by **time pressure and constraints, of any manner**, which increased his anxiety and apprehension, and ultimately rendered him unable to focus and critically read during the exam.

### Discussion

The court finds no basis for reconsidering its ruling aside from dealing with plaintiff's request for leave to amend his complaint. Accordingly, the court will treat the instant motion for reconsideration as a motion for leave to amend the complaint.

Under Fed. R. Civ. P 15(a), leave to amend a complaint "shall be freely given when justice so requires." "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Ronzani v. Sanofi

S.A., 899 F.2d 195, 198 (2d Cir. 1990) (internal quotation omitted).  However, the court should also take into account "the competing interest of protecting the finality of judgments and the expeditious termination of litigation." Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 118 (2d Cir. 2007) (internal quotation omitted).

In any event, leave to amend should be denied when the proposed amended complaint would be futile. See Absolute Activist Value Master Fund Ltd. v. Ficeto, 672 F.3d 143 (2d Cir. 2012). To make this determination, the court employs the standard that governs a motion to dismiss. Eaves v. Designs for Fin., Inc., 785 F. Supp. 2d 229, 268 (S.D.N.Y. 2011). Thus leave to amend the complaint will only be given where the amended complaint pleads sufficient facts to state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

The court dismissed plaintiff's prior complaint because it requested accommodations that were unreasonable as a matter of law in four respects: 1) the requested accommodations would have wrought a substantial change in NYUCD's academic program; 2) the requested accommodations bore a tenuous relationship to the disability alleged, in that the disability concerned problems with contemporaneous information processing and the requested accommodation concerned the anxiety caused by the knowledge of general deadlines for the completion of graduation requirements; 3) the requested accommodations implicated a range of phenomena, including financial anxiety

and fear of dismissal; and 4) the requested accommodations included demands for certain forms of relief—namely re-enrollment without the associated cost of rematriculation—that clearly fell outside the purview of the Rehabilitation Act and the Americans with Disabilities Act.[1]

Plaintiff's proposed amendments do not change the substance of his claim: he still requests a substantial extension of the time period in which he may take (and fail without consequence) the NBDEP2 as an NYUCD student. The proposed amended complaint provides a definite timeframe for this period—five years—but the requested accommodation would still effectively eliminate NYUCD's academic policies concerning the amount of time in which a DDS candidate must pass the NBDEP2 to receive a degree. Accordingly, the proposed complaint fails to state a claim for the very reasons the original complaint failed to state a claim.

As the court previously noted, NYUCD has the right to impose degree requirements—including requirements concerning the amount of time for its students to pass exams—that are more stringent than those used by the American Dental Association. These requirements bear a clear relationship to important academic values. Thus plaintiff's proposed amended complaint, like the original complaint, requests an accommodation that would substantially change NYUCD's graduation requirements.

---

[1] Plaintiff's amended complaint rectifies this deficiency by withdrawing the request for a fee waiver. Plaintiff now states that he is willing to bear the fees ($3500 as of plaintiff's most recent rematriculation) associated with retaking the NBDEP2 as an NYUCD student. The court, however, did not rest its holding on this particular aspect of plaintiff's prayer for relief. Rather, plaintiff's overly broad prayer for relief emblematized the more fundamental deficiencies of the complaint.

Moreover, the proposed amended complaint, like the original complaint, fails to link plaintiff's anxiety about the length of time allotted to pass the NBDEP2 to his alleged disability. The amended complaint merely adds that the neuropsychiatric evaluation that diagnosed plaintiff with a reading disorder "also contemplated the stress and anxiety created by the time period limitations in which he had to prepare for, take and pass the examination; i.e., within the one year required by NYUCD to pass the NBDEP2." This sentence does not explain how plaintiff's anxiety about a time deadline relates to his reading disorder. This sentence does not even say which deadline, if any, the evaluation recommended lifting. Rather, the sentence merely states that plaintiff's diagnostician considered an additional circumstance. This threadbare allegation does not affect court's opinion that the requested accommodation bears an unreasonably tenuous relationship to plaintiff's diagnosed disability.

Lastly, plaintiff has amended his complaint to allege, in several different paragraphs, that "the requirement that he pass the examination within the time constraints imposed by NYUCD (i.e., within his one year rematriculation period) exacerbated his disability." Defendant did so to demonstrate to the court the "ongoing and consistent" nature of plaintiff's requested accommodation. But it was abundantly clear from the original complaint that plaintiff's concern over the NBEDP2 deadline was among the many stressful circumstances that "exacerbated his disability." Thus, these additional allegations contribute no new information.

In summary, plaintiff's amended complaint suffers from the much the same defects as plaintiff's original complaint, and it similarly fails to state a plausible claim to relief. Hence, it would be futile to allow plaintiff to amend his complaint.

**Conclusion**

For the foregoing reasons, plaintiff's motions for reconsideration and for leave to amend are denied.

SO ORDERED.

Dated: New York, New York
      June 12, 2012



Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/12